IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM FERGUSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 1:16CV00011-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

William Ferguson seeks judicial review of the denial of his application for disability insurance benefits and supplemental security income. This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. §405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; courts may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that has lasted twelve months or more and has prevented him from engaging in any substantial gainful

activity.  42 U.S.C. §§ 423 (d)(1)(A), 1382c(3)(A)(B).

Mr. Ferguson was forty-three years old at the time of the administrative hearing.  (Tr. 31) He testified he went as far as the ninth grade in school and attended special education classes.  (*Id.*)

Plaintiff alleges he is disabled due to epilepsy, back pain, a left knee impairment, arthritis, and a sleep disorder.  (Tr. 63)  The Administrative Law Judge (ALJ)[1] found Mr. Ferguson had not engaged in substantial gainful activity since January 14, 2012, the alleged onset date.  (Tr. 10)  The ALJ found his seizure disorder, lumbosacral spondylosis, chronic pain disorder, borderline intellectual functioning, antisocial personality disorder, and obesity qualified as  "severe" impairments under the regulations.  (*Id.*)  The ALJ further found Mr. Ferguson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 11)

The ALJ determined Mr. Ferguson had the residual functional capacity to perform a reduced range of sedentary work.  (Tr. 12)  Given his residual functional capacity assessment, the ALJ determined Plaintiff was incapable of performing any of his past jobs.  (Tr. 18)  Therefore, he utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Mr. Ferguson could perform despite his impairments.  (Tr. 56-60)  The ALJ determined Mr. Ferguson could perform the jobs of production/lampshade assembler and office clerk. (Doc. No. 19.) Accordingly, the ALJ determined Mr. Ferguson was not disabled.  (*Id.*)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3) Plaintiff filed the instant Complaint initiating this appeal.

In support of his Complaint, Plaintiff raises two arguments. He argues: 1) the ALJ failed to give proper weight to his treating doctor, Herman Clements, M.D.; and 2) the ALJ's questions posted to the vocational expert failed to consider his obesity and borderline intellectual functioning. (Doc. No. 13 at pp. 30-34)

Dr. Clements provided an undated letter stating "Mr. Ferguson struggles with considerable mental health problems which I think impair his ability to function in the community in a place of employment." (Tr. 530) He went on to fully describe Mr. Ferguson's limitations due to his mental illness. (*Id.*) Dr. Clements noted that Mr. Ferguson has shown "considerable improvement" but "still struggles considerably." (*Id.*) Dr. Clements concluded that he believes "Mr. Ferguson has reached his maximum medical benefit from medications and [he] believe[s] he is incapacitated from the ability to work." (*Id.*)

The ALJ did consider Dr. Clements' opinion, but concluded, "This physician appears to have taken the claimant's subjective allegations at face value in reaching this conclusion. . ." (Tr. 17) He stated, "A treating physician's opinion may be discounted if unsupported by the evidence." (*Id.*) Although the ALJ does not mention the evidence, the Commissioner has cited the various treatment notes that support the ALJ's position. (Doc. No. 14 at 6)

In considering the evidentiary value of Dr. Clements' letter, I note that his treatment notes from October and December of 2014 reveal Mr. Ferguson's condition greatly improved through medication. (Tr. 525-26) However, subsequent treatment notes report Mr. Ferguson as being "significantly impaired at this time." (Tr. 532) And the most recent treatment notes from October

3

6, 2015, report Mr. Ferguson was "Progressively worsening." (Tr. 578) Dr. Clements also reports, "He has ideation to act out on people. His sister is worried about him being physically aggressive." Importantly, the treatment notes also show Mr. Ferguson has been compliant with his medication.

And although the Commissioner disagrees, (Doc. No. 14 at 6), I do find it noteworthy that Plaintiff's neurologist, Peggy Brown, M.D., described Plaintiff as having "significant psychiatric disease." (Tr. 508) In treating his epilepsy, Dr. Brown also noted, "He has psychiatric issues which lead to the possibility that there may be more than one type of event occurring." (*Id.*)

The fact that Mr. Ferguson's primary care doctors determined his impairments were more limiting should weigh heavily in the ALJ's determination. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). A treating physician's medical opinions are given controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with the other substantial evidence. *See Choate v. Barnhart*, 457 F.3d 865, 869 (8th Cir. 2006) (internal quotations omitted). The ALJ may discount or even disregard a treating physician's opinions if "other medical assessments are supported by better or more thorough medical evidence or where a treating physician renders inconsistent opinions that undermine the credibility of his opinion." *See Id.* (internal quotations omitted).

I find the ALJ's decision failed to give adequate consideration to Dr. Clements' opinions and, therefore, is not supported by substantial evidence. While I recognize there is other evidence that supports the ALJ's conclusion, Dr. Clements' opinions are consistent with the overall evidence of record. In other words, unlike the ALJ, I find no reason to discount Dr. Clements' conclusions. The Commissioner's counsel has done a good job pointing out the other evidence that supports the ALJ's decision and, for that reason, I find this decision to be a close call. However, I have carefully considered the pleadings and medical evidence in this case and find remand is necessary.

Accordingly, I find that the decision of the ALJ is not supported by substantial evidence and this case is REVERSED AND REMANDED to the Commissioner for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. Clements' conclusions and, if necessary, obtain additional opinions from consulting or other treating doctors.

SO ORDERED this 24th day of June, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE